FILED

NOV 12 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

Ashley Bryant §
§
**Plaintiff,** §
§
v. § 6:25-cv-454
§
§
Better Rise Capital, a California Limited §
Liability Company §
§
**Defendant.** §

PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now Plaintiff, Ashley Bryant, with her Complaint for Damages and Jury Demand against Better Rise Capital LLC, and states as follows:

## INTRODUCTION

1. Beginning in March 2025, Plaintiff began to receive a barrage of illegal telemarketing calls made on behalf of Defendant Aspire by an unknown anonymous telemarketer, soliciting car accident representation, alleging as follows:

2. Plaintiff seeks redress under the TCPA and TBCC, demanding that the calls stop.

## PARTIES

3. Plaintiff ASHLEY BRYANT ("Plaintiff") is and at all material times was, a natural person, resident of the Eastern District of Texas, and was present in Tyler, Texas for all calls in this case.

4. Defendant Better Rise Capital LLC ("Better Rise" or "Defendant") is a limited liability company organized and existing under the laws of California can be served via registered agent

Nima Asadi at 19200 Von Karman Ave, 600, Irvine, California 92612.

JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). *LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because it arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff; adds little complexity to the case.

6. This Court has specific personal jurisdiction over Defendant because at all relevant times, Defendant conducted business in Texas, solicited business in Texas, engaged in persistent course of conduct in Texas. Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation. Defendant purposefully prerecorded calls into Texas despite having no business relationship with Plaintiff.

a. Defendant target Texas when marketing business funding and regularly conduct business in this District, including telephone solicitation.

b. The purposeful calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation exceeding the non-causal affiliation sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and

because the Plaintiff resides in this District. He was residing in the Western District of Texas when he received a substantial, if not every call from Defendant, which is the subject matter of this lawsuit.

8. This Court has venue over Defendant because the calls at issue were sent by or on behalf of the above-named Defendant to Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these texts were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA makes it unlawful "to make any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13. Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing*

*the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302

22. "Telephone call" has the meaning assigned by Section 304.002. TBCC § 302.001(6-a).

23. "Telephone solicitation" means a call or transmission, including a transmission of a text or graphic message or of an image, initiated by a seller or salesperson to induce a person to induce a person to purchase, rent, claim, or receive an item. Tex. Bus. & Com. Code § 302.001(7).

24. An "item" is defined as a property or service." Tex. Bus. & Com. Code § 302.001(1).

25. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation. Tex. Bus. & Com. Code § 302.002.

26. A "seller" is defined as "A person who makes a telephone solicitation on the person's on behalf." Tex. Bus. & Com. Code §302.001(5).

27. A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

28. A person commits an offense if the person knowingly acts as a salesperson on behalf of a seller who violates the registration requirements of this chapter. Tex. Bus. & Com. Code §302.252(a).

29. When a telephone solicitation is made and before consummation of any sales transaction, a seller shall provide to each purchaser the complete street address of the location from which the salesperson is calling the purchaser and if different, the complete street address of the seller's principal location. TBCC § 302.202(1).

30. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. TBCC § 302.003(b)

31. Federal common law principles of agency apply to TBCC violations…and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex.

Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.").

32. The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

33. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

34. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

<u>TEXAS BUSINES AND COMMERCE CODE</u>

<u>CHAPTER 304</u>

35. In making a telemarketing telephone call, a telemarketer may not block the identity of the telephone number from which the call is made to evade a device designed to identify a telephone caller. Tex. Bus. & Com. Code § 304.151(a).

36. A telemarketer may not cause misleading information to be transmitted to a recipient's caller identification service or device or to otherwise misrepresent the origin of a telemarketing call. Tex. Bus. & Com. Code § 304.151(b)(3).

37. If the consumer brings an action based on a violation of Section 304.052 and the court

finds that the defendant willfully or knowingly violated that section, the court may award damages in an amount not to exceed $500 for each violation.

38. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 304.005(b).

39. Venue for an action based on a violation of Subchapter B or C is in the county in which the telemarketing call was made or received. Tex. Bus. & Com. Code § 304.259(1).

TEXAS BUSINESS AND COMMERCE CODE

CHAPTER 305

40. A person may not make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if the person making the call or using the device knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call. Tex. Bus. & Com. Code § 305.001(1).

41. A person may not make a telephone call or use an automatic dial announcing device to make a telephone call for the purpose of making a sale if he called person has not consented to the making of such a call to the person calling or using the device or to the business enterprise for which the person is calling or using the device. Tex. Bus. & Com. Code § 305.001(2).

42. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

43. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code §

305.053(b)(1-2).

44. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

45. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

FACTUAL ALLEGATIONS COMMON TO ALL
CALIMS FOR RELIEF

46. Plaintiffs' privacy and cell phone have been invaded by the non-emergency prerecorded telemarketing Defendant.

47. Defendant routinely violates the TCPA as a part of their business model and knowingly and willfully commit TCPA violations for their financial gain.

48. Plaintiff has been overwhelmed by an incessant influx of pre-recorded phone calls marketing business funding.

49. Plaintiff received a series of pre-recorded voicemails as outlined in Table A below.

50. The calls were robotic in nature and contained a non-human monotone sounding voice.

51. Plaintiff received three (3) voicemails soliciting for business funding. Each of these messages instructed Plaintiff to call back phone number 888-919-9037.

52. On September 22, 2025, Plaintiff called 888-919-9037 as part of an investigation into the origin of the phone calls.

53. Plaintiff was connected to "Ryan Altshuler" ("Mr.Altshuler") who solicited Plaintiff for business loan. During the call, Plaintiff received an email from raltshuler@betterrisecapital.com.

The email contained a "GET STARTED" link which sent Plaintiff to Defendant's application.

54. Plaintiff received three (3) additional voicemails soliciting for business funding and instructed Plaintiff to call back phone number 844-986-8060.

55. On September 22, 2025, Plaintiff called 844-986-8060 as part of an investigation into the origin of the phone calls. Plaintiff was connected to Defendants agent "Gustabo Pardo" ("Mr. Pardo.") During the call Mr. Pardo sent Plaintiff an email requesting documents from email address gpardo@betterrisecapital.com.

56. Each of the calls were a solicitation for business funding.

57. Plaintiff did not have a preexisting business relationship with Defendant.

58. Defendant did not have Plaintiff's consent to send any of the phone calls at issue in this Complaint.

59. Defendant's unsolicited prerecorded phone calls caused Plaintiff to become aggravated and annoyed, and resulted in Plaintiff having to spend hours attempting to uncover the identity of the anonymous telemarketers.

60. Each of the pre-recorded messages that left 888-919-9037 and 844-986-8060 as a callback number utilized a spoofed caller identification number.

61. No emergency necessitated any of these texts.

62. Each one of the phone calls at issue in this Complaint was a prerecorded voice message call soliciting tax debt relief.

TABLE A

| | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| 1. | 07/03/25 | 11:57 am | 667-402-9113 | Prerecorded voice message |

| | | | | |
|---|---|---|---|---|
| 2. | 07/07/25 | 11:31 am | 707-241-2341 | Prerecorded voice message |
| 3. | 07/10/25 | 12:55 pm | 856-450-8905 | Prerecorded voice message |
| 4. | 08/08/25 | 12:48 pm | 909-318-8820 | Prerecorded voice message |
| 5. | 08/14/25 | 10:50 am | 862-348-8920 | Prerecorded voice message |
| 6. | 08/18/25 | 1:00 pm | 831-215-9742 | Prerecorded voice message |

63. On September 22, 2025, Plaintiff searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and did not find a valid Telephone Solicitation Registration for Defendant.

64. Each of the phone calls at issue was made without a valid Texas Telephone Solicitation Registration Certificate.

TEXAS BUSINESS AND COMMERCE
CODE 302.101

65. Defendant initiated the calls alleged herein and is a "seller" under the Texas Business and Commerce Code ("TBCC") because it makes telephone solicitation on its own behalf and called Plaintiff in this case.

66. "' Telephone solicitation' means a ***telephone call*** a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." (emphasis added) Tex. Bus. Com. Code § 302.002.

67. Telephone call is defined as "a call or other transmission made to or received at a telephone number, including a call or other transmission, ***including a transmission or a text or graphic message of an image***, to a mobile telephone number." (emphasis added) Tex. Bus. Com.

Code § 304.002(C).

68. "A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation." Tex. Bus. & Com. Code § 302.002.

69. A "salesperson" is defined as "A person who is employed or authorized by a seller to make a telephone solicitation." Tex. Bus. & Com. Code §302.001(4).

70. Federal common law principles of agency apply to TBCC violations...and the conduct of the telemarketer who makes the calls can be imputed to the seller if the telemarketer is an agent of the seller. *Guadian v. Progressive Debt Relief, LLC*, No. EP-23-cv-235, 2023 WL 7393129, at *4 (W.D. Tex. Nov. 8, 2023); *see also Callier v. Tip Top Cap. Inc.*, No. EP-23-cv-437, 2024 WL 1637535, at *3 (W.D. Tex. Apr. 16, 2024) (holding that a seller violates § 302.101 when a telemarketer makes calls on behalf of a seller who does not hold a registration certificate); *Forteza v. Pelican Inv. Holdings Grp., LLC*, No. 23-cv-401, 2023 WL 9199001, at *6 (E.D. Tex. Dec. 27, 2023) (same); *Salaiz v. Beyond Fin., LLC*, No. EP-23-cv-6, 2023 WL 6053742, at *5 (W.D. Tex. Sept. 18, 2023) (refusing to dismiss a § 302.101 claim because "Plaintiff has plausibly alleged that Defendant effected or attempted to effect the thirteen calls Plaintiff received by hiring telemarketers to make those calls.")

71. The Plaintiff may seek damages of violations of Texas Business and Commerce Code § 302.101 of to $5,000.00 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code §§ 302.302(a), 302.302(d).

72. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by

Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

73. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

INJURY, HARM, AND DAMAGES
AS A RESULT OF THE PRE-RECORDED CALLS

74. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

75. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

76. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

77. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

CLAIM #1: FOR RELIEF
(Violation of 47 U.S.C. § 227(b)
Artificial of Prerecorded Voice

78. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-78.

79. Defendant placed three (3) non-emergency prerecorded phone calls to Plaintiff without Plaintiff's prior express written consent.

80. The phone calls resulted in a prerecorded voice message being deposited into Plaintiff's voicemail. The voice message contained a prerecorded voice message as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

81. Plaintiff is entitled to an award of up to $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B).

82. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

83. If the Court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil penalty from $500 to $1,500 per violation under U.S.C. § 227(b)(3)(C).

CLAIM #2:FOR RELIEF
Violation of Texas Business and Commerce Code 302.101
Failure to Obtain a Telephone Solicitation Registration Certificate

84. Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1-84.

85. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce Code 302.101, by making non- registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent

86. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Texas Business and Commerce Code 302.302(a).

87. Plaintiff is entitled to an award of all reasonable costs of prosecuting the action including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Texas Business and Commerce Code 302.302(d).

CLAIM #3: FOR RELIEF
Violations of Texas Business and Commerce Code 305.053

88. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs

1-88.

89. Defendant called Plaintiff's cell phone in violation of residential telephone number more than twice in a 12-month span, which violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

90. A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

91. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1-2).

92. If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of $1,500 for each violation or three times the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(c)(1-2).

93. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 305.055.

## CLAIM #4: FOR RELIEF
## Violations of Texas Business and Commerce Code 304.151
## Spoofed Caller Identification

94. Plaintiff realleges and incorporates by reference every allegation set forth in paragraphs 1-94.

95. In making a telemarketing telephone call, a telemarketer may not block the identity of the telephone number from which the call is made to evade a device designed to identify a telephone caller. Tex. Bus. & Com. Code § 304.151(a).

96. A telemarketer may not cause misleading information to be transmitted to a recipient's caller identification service or device or to otherwise misrepresent the origin of a telemarketing call. Tex. Bus. & Com. Code § 304.151(b)(3).

97. Defendants intentionally spoofed the caller identification number at least two (2) times when making solicitation phone calls to Plaintiff.

98. If the consumer brings an action based on a violation of Section 304.052 and the court finds that the defendant willfully or knowingly violated that section, the court may award damages in an amount not to exceed $500 for each violation.

99. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. Tex. Bus. & Com. Code § 304.005(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ashley Bryant prays for judgment against the Defendant as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violated the TCPA and TBCC;

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA §227(b) intentional knowing and willful violations against the corporation and individual for six (6) calls.

E. An award of $1,500 per call in statutory damages arising from the Texas Business and Commerce Code 305.053 for knowing and willful violations for six (6) calls;

F. An award of $5,000 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 302.101 for six (6) calls;

G. An award of $500 per phone call in statutory damages arising from intentional violations of the Texas Business and Commerce Code 304.151 for six (6) calls;

H. An award to Plaintiff of damages, as allowed by law under the TCPA and TBCC;

I. An award to Plaintiff of interest, costs, and attorneys' fees, as allowed by law and equity.

J. Such further relief as the Court deems necessary, just, and proper.

Date ______________

Respectfully submitted,

___________________________

Ashley Bryant
21134 County Road 113
Tyler, Texas 75703
Phone: 214-927-8966
Email: ashleyb3416@gmail.com